UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RICHARD C. COLANDREA | ) | Case No. 09-19606-SSM |
| | ) | Chapter 11 |
| Debtor. | ) | |
| ------------------------------------------------------------ | ) | |

**AMENDED PLAN OF REORGANIZATION**
**PROPOUNDED BY THE DEBTOR-IN-POSSESSION**

COMES NOW, Richard C. Colandrea, ("Colandrea" or the "Debtor" or the "Debtor-in-Possession"), by and through counsel, Cohen Baldinger & Greenfeld, LLC and proposes this Second Amended Plan of Reorganization (hereinafter "Plan") pursuant Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, et seq., for payment of debts as follows:

**ARTICLE I**
**Introduction**

1.1   This bankruptcy proceedings was commenced by the filing of a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on November 20, 2009.  The commencement of the bankruptcy cases constituted an order for relief under the Bankruptcy Code.

1.2   The Debtor, Richard C. Colandrea, is an individual residing in Middleburg, Virginia. The Debtor owns and operates several parcels of residential real property located in the Maryland and Northern Virginia,  At all times since the commencement of this case, the Debtor has remained in possession of his assets and the management of his affairs as Debtor-in-Possession.   It is the proceeds to be generated from the continuing operation of the Debtor's property, along with a new value equity contribution that will form the basis for the funding of the Plan.

# ARTICLE II
## Definitions

For the purpose of the Plan, the following terms shall have meanings hereinafter set forth:

2.01. "Administrative Claim" shall include professional fees allowed by the Court and the expenses incurred in the ordinary course of the bankruptcy estate's business after the Petition Date.

2.02. "Allowed Claim" shall mean a claim (as defined in Section 101(4) of the Bankruptcy Code) (a) in respect of which a Proof of Claim has been filed with the Bankruptcy Court within the applicable period of limitations fixed by Rule 3003 of the Bankruptcy Rules, or (b) which is listed in the schedules of liabilities filed by the Debtor with the Court, including any amendments thereto, and is not listed as disputed, contingent or unliquidated as to amount, and further, as to any claim, either no objections to the allowance thereof has been filed, such objection has been denied or the claim fixed as to the amount by an order or judgment which has become final by reason of the expiration of the period of appeal therefrom or from any decision on appeal without an appeal or further appeal having been taken.

2.03. "Allowed Amount" shall mean the amount of any Allowed Claim. The Allowed Amount of any Allowed Claim that is an Unsecured Claim shall not include interest accruing after the Petition Date (as defined below).

2.04. "Bankruptcy Code" shall mean Title 11 of the United States Code ("U.S.C.") as enacted by the Bankruptcy Reform Act of 1978, Public Law 95-598, as subsequently amended, and such portions of Title 28 of the United States Code as are applicable to bankruptcy cases.

2.05. "Court" shall mean the United States Bankruptcy Court for the Eastern District of Maryland, in which the Debtor's Chapter 11 case, pursuant to which this Plan is proposed, and is pending, and any court having competent jurisdiction to hear appeals or certiorari proceeding therefrom.

2.06. "Bar Date" shall mean the date set by the Bankruptcy Court as the last date for filing proofs of claims pursuant to Bankruptcy Rule 3003(c)(3).

2.07. "Claim" shall mean any right to payment, or right to an equitable remedy for breach of performance, if such breach gives right to payment against the Debtor, and which right exists on the Effective Date whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.

2.08. "Confirmation Date" shall mean the date on which the Court entered an Order of Confirmation .

2.09. "Confirmation Order" shall mean the Order entered by the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code.

2.10. The "Debtor" shall mean Richard C. Colandrea, the Debtor herein.

2.11. "Disputed Claim or Disputed Interest" shall mean a Claim or Interest:

a. Which is listed as Disputed or Contingent in the Debtor's schedules as originally filed or subsequently amended, or

b. As to which a proof of claim was timely filed and an objection to such Claim was filed within sixty (60) days after the Effective Date.

2.12. "Effective Date" shall mean the first business day of the first full calendar month following the entry of an Order of Confirmation if the Order has become final. The Order of Confirmation shall be considered final upon the earliest to occur of any of the following: (a) the time for any appeal has expired and no appeal has been filed timely in accordance with the applicable Bankruptcy Rules; (b) any appeal that has been timely filed has been dismissed or determined in favor of confirmation and no further appeal has been taken within the time permitted for doing so; or (c) an appeal has been timely taken but the Order of Confirmation has not been stayed.

2.13. "Final Order" shall mean an order or judgment the operation or effect of which has not been stayed, and as to which order or judgment (or any revision, modification or amendment thereof), the time to appeal or seek review or rehearing has expired.

2.14. "Petition Date" shall mean the date on which the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code, which was November 20, 2009.

2.15. "Plan" shall mean this Plan of Reorganization in its present form or as it may hereafter be amended or modified.

2.16. "Priority Tax Claim" shall mean a Claim entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code.

2.17. "Secured Claim" shall mean any Claim which is secured by a lien against property of the Debtor, but only to the extent of the value of the collateral as of the Petition Date.

2.18. "Termination Date" shall mean the date ninety (90) days after the last payment required to be made under this Plan is made.

2.19. "Unsecured Claims" shall mean any Claim other than an Administrative Claim, Priority Tax Claim or a Secured Claim.

### ARTICLE III
### Classification and Treatment of Claims and Interests

**Class I - Administrative Expenses**

The administrative expenses of the Debtors' Chapter 11 cases as allowed pursuant to §503(b) of the Bankruptcy Code shall be paid in full, upon the Effective Date of the Plan or allowance of such claim, whichever is later. This Class shall include the claims resulting from the operations of the Debtor's business incurred since the Petition Date, and all claims of professionals incurred since the Petition Date, and any quarterly fees due to the Office of the United States Trustee. This Class is unimpaired.

**Class II - <u>Priority Tax Claims</u>**

This Class consists of all tax claims entitled to priority pursuant to 11 U.S.C. §508 of the Bankruptcy Code. Upon information and belief, there are no claims in this class as the only prepetition tax claims are those held by Loudoun County Virginia and those claims are treated as secured claims pursuant to Class III-V hereinbelow. The holders of Class II claims are unimpaired.

**Class III- <u>Secured Claim of Loudoun County Virginia (real property taxes)</u>**

This Class is comprised of the claim of the Loudoun County Virginia for outstanding real property taxes due at the time of the commencement of this case on the property located at 107 Walnut Street, Middleburg, Virginia. The claim is secured by a lien pursuant to the Code of the Virginia. The balance due to this Class is one thousand two hundred forty-eight dollars and seventy-three cents ($1,248.73). This Class shall receive payment in full on account of its claim within three (3) months of the Effective Date. This Class shall retain any and all statutory lien rights against the property until its claim is paid in full. This Class is unimpaired.

**Class IV - <u>Secured Claim of Loudoun County Virginia (real property taxes)</u>**

This Class is comprised of the claim of the Loudoun County Virginia for outstanding real property taxes due at the time of the commencement of this case on the property located at 107 Walnut Street, Middleburg, Virginia. The claim is secured by a lien pursuant to the Code of the Virginia. The balance due to this Class is one thousand two hundred seventy-one dollars and seventy-seven cents ($1,271.77). This Class shall receive payment in full on account of its claim within three (3) months of the Effective Date. This Class shall retain any and all statutory lien rights against the property until its claim is paid in full. This Class is unimpaired.

**Class V - <u>Secured Claim of Loudoun County Virginia (personal property taxes)</u>**

This Class is comprised of the claim of the Loudoun County Virginia for outstanding personal property taxes due at the time of the commencement of this case. The claim is secured by a lien

against a 2003 Chevrolet Van pursuant to the Code of the Virginia. The balance due to this Class is one hundred thirty-eight dollars and seventeen cents ($138.17). This Class shall receive payment in full on account of its claim within three (3) months of the Effective Date. This Class shall retain any and all statutory lien rights against the property until its claim is paid in full. This Class is unimpaired.

**Class VI - Secured Claim of Deutsche Bank National Trust Co. (7489 John Marshall Hwy)**

This Class is comprised of the claim of the Deutsche Bank National Trust Co. and is secured by a deed of trust against the real property located at 7489 John Marshall Highway, Marshall, Virginia. According to the claim filed herein, the balance due to this Class is two hundred fifty-six thousand eight hundred thirty-nine dollars and forty-five cents ($256,839.45). This Class shall receive payment in full on account of its claims. Such payment shall be made in monthly installments calculated by amortizing the balance due on account of the claim over a period of thirty (30) years at an annual interest rate of six percent (6.0%). The Debtor believes that this amortization will require monthly payments of principal and interest of one thousand five hundred forty dollars ($1,540.00). The entire balance due on account of the claims of this Class shall be paid in full upon the earlier of a sale of the property or the fifteen (15) year anniversary of the Effective Date. This Class shall retain any and all liens it holds against the property until its claims are paid in full. This Class is impaired.

**Class VII - Secured Claim of OneWest Walnut Bank (4042 Whiting Street)**

This Class is comprised of the claim of the OneWest Walnut Bank and is secured by a deed of trust against the real property located at 4042 Whiting Street, Marshall, Virginia. According to the claim filed herein, the balance due to this Class is two hundred fifteen thousand seven hundred forty-five dollars and forty-five cents ($215,745.26). This Class shall continue to receive its regularly scheduled monthly payment of one thousand thirty-five dollars ($1,035.00) claims of this Class are paid in full. This Class shall retain any and all liens it holds against the property until its claims are

paid in full. This Class is unimpaired.

**Class VIII - <u>Secured Claim of Suntrust Mortgage, Inc. (604 West Washington Street)</u>**

This Class is comprised of the claim of the Suntrust Mortgage, Inc. and is secured by a deed of trust against the real property located at 604 West Washington Street, Middleburg, Virginia. According to the claim filed herein, the balance due to this Class is two hundred fifty-nine thousand nine hundred twenty-three dollars and seventy-four cents ($259,923.74). This Class shall receive payment in full on account of its claims. Such payment shall be made in monthly installments calculated by amortizing the balance due on account of the claim over a period of thirty (30) years at an annual interest rate of six percent (6.0%). The Debtor believes that this amortization will require monthly payments of principal and interest of one thousand five hundred fifty-eight dollars ($1,558.00). The entire balance due on account of the claims of this Class shall be paid in full upon the earlier of a sale of the property or the fifteen (15) year anniversary of the Effective Date. This Class shall retain any and all liens it holds against the property until its claims are paid in full. This Class is impaired.

**Class IX - <u>Secured Claim of Suntrust Mortgage, Inc. (8640 Ashby Court)</u>**

This Class is comprised of the claim of the Suntrust Mortgage, Inc. and is secured by a deed of trust against the real property located at 8640 Ashby Court, Marshall, Virginia. According to the claim filed herein, the balance due to this Class is one hundred fifty thousand two hundred forty-one dollars and eighty-eight cents ($150,241.88). This Class shall receive payment in full on account of its claims. This Class shall continue to receive its regularly scheduled monthly payment in accordance with the terms of its loan documents with the Debtor. That payment is currently in the sum of seven hundred seven dollars and fifty-three cents ($707.53). This Class shall retain any and all liens it holds against the property until its claims are paid in full. This Class is unimpaired.

**Class X - <u>Secured Claim of OneWest Bank, FSB (107 Walnut Street)</u>**

This Class is comprised of the claim of the Suntrust Mortgage, Inc. and is secured by a deed of trust against the real property located at 107 Walnut Street, Middleburg, Virginia. According to the claim filed herein, the balance due to this Class is three hundred ten thousand seven hundred sixty-four dollars and fifty cents ($310,764.50). The Debtor shall list this property for sale and this Class shall receive payment in full on account of its claims at closing from the proceeds of the sale of the property. This Class shall not be entitled to receive any payment until the property is sold, which sale shall take place no later than one (1) year from Effective Date. This Class shall retain any and all liens it holds against the property until its claims are paid in full. This Class is impaired.

**Class XI - <u>Secured Claim of Chase Home Finance LLC (867 Candy Point Road)</u>**

This Class is comprised of the claim of the Chase Home Finance LLC and was secured by a deed of trust against the real property located at 867 Candy Point Road, Edwardsville, Virginia. According to the claim filed herein, the balance due to this Class is two hundred seventeen thousand nine hundred forty-seven dollars and seventy-eight cents ($217,947.78). During the pendency of this Chapter 11 proceeding the Debtor sold the property which collateralizes this Class and paid the claims of this Class.. In conjunction with that sale, this Class released its lien against the property located at 867 Candy Point Road. As such, this Class shall receive no payment pursuant to the terms of the Debtor's Plan and this Class shall have no liens or interests in any property of the Debtor or the bankruptcy estate. This Class is unimpaired.

**Class XII - <u>Secured Claim of BAC Home Loans Servicing, LP (8605 Anderson Avenue)</u>**

This Class is comprised of the claim of the BAC Home Loans Servicing, LP and is secured by a deed of trust against the real property located at 8605 Anderson Avenue, Marshall, Virginia. According to the claim filed herein, the balance due to this Class is two hundred forty thousand ninety-two dollars and thirty-four cents ($240,092.34). This Class shall receive payment in full on

account of its claims. Such payment shall be made in monthly installments calculated by amortizing the balance due on account of the claim over a period of thirty (30) years at an annual interest rate of six percent (6.0%). The Debtor believes that this amortization will require monthly payments of principal and interest of one thousand four hundred forty dollars ($1,440.00). The entire balance due on account of the claims of this Class shall be paid in full upon the earlier of a sale of the property or the fifteen (15) year anniversary of the Effective Date. This Class shall retain any and all liens it holds against the property until its claims are paid in full. This Class is impaired.

**Class XIII - <u>Secured Claim of JP Morgan Chase Bank, N.A. (10461 Waterfowl Terrace)</u>**

This Class is comprised of the claim of the JP Morgan Chase Bank, NA and is secured by a deed of trust against the real property located at 10461 Waterfowl Terrace, Columbia, Maryland. According to the claim filed herein, the balance due to this Class is five hundred thirty-six thousand six hundred thirty-seven dollars and seventy-two cents ($536,637.72). This Class shall receive payment in full on account of its claims. Such payment shall be made in monthly installments calculated by amortizing the balance due on account of the claim over a period of thirty (30) years at an annual interest rate of six percent (6.0%). The Debtor believes that this amortization will require monthly payments of principal and interest of three thousand two hundred twenty-seven dollars ($3,227.00). The entire balance due on account of the claims of this Class shall be paid in full upon the earlier of a sale of the property or the fifteen (15) year anniversary of the Effective Date. This Class shall retain any and all liens it holds against the property until its claims are paid in full. This Class is impaired.

**Class XIV - <u>Secured Claim of IBM LBPS, Inc. (8419 Glascock Court)</u>**

This Class is comprised of the claim of the IBM LBPS, Inc. and is secured by a deed of trust against the real property located at 8419 Glascock Court, Marshall, Virginia. According to the claim filed herein, the balance due to this Class is one hundred sixty-two thousand three hundred forty-nine

dollars and twenty-eight cents ($162,349.28). This Class shall receive payment in full on account of its claims. Such payment shall be made in monthly installments calculated by amortizing the balance due on account of the claim over a period of thirty (30) years at an annual interest rate of six percent (6.0%). The Debtor believes that this amortization will require monthly payments of principal and interest of nine hundred thirty-seven dollars ($937.00). The entire balance due on account of the claims of this Class shall be paid in full upon the earlier of a sale of the property or the fifteen (15) year anniversary of the Effective Date. This Class shall retain any and all liens it holds against the property until its claims are paid in full. This Class is impaired.

**Class XV - Secured Claim of IBM LBPS, Inc. (4056 Whiting)**

This Class is comprised of the claim of the IBM LBPS, Inc. and is secured by a deed of trust against the real property located at 4056 Whiting Road, Marshall, Virginia. According to the claim filed herein, the balance due to this Class is two hundred eighty-eight thousand two hundred ninety-five dollars and thirty-two cents ($288,295.32). Upon the Effective Date, the Debtor shall abandon his interest in the collateral and this Class shall be free to foreclose against the property. Any deficiency resulting from the foreclosure of the collateral property shall be treated as a general unsecured claim pursuant to Class XIX hereinbelow. In order for any deficiency to be treated as a general unsecured claim under the terms of the Plan, this Class must file a proof of claim asserting the unsecured deficiency claim within four (4) months of the Effective Date. This Class is impaired.

**Class XVI - Secured Claim of Saxon Mortgage Services, Inc. (704 Stonewall Avenue)**

This Class is comprised of the claim of the Saxon Mortgage Services, Inc. and is secured by a deed of trust against the real property located at 704 Stonewall Avenue, Middleburg, Virginia. According to the claim filed herein, the balance due to this Class is three hundred eight thousand four hundred thirty-one dollars and fifty-three cents ($308,431.53). Upon the Effective Date, the Debtor shall abandon his interest in the collateral and this Class shall be free to foreclose against the property.

Any deficiency resulting from the foreclosure of the collateral property shall be treated as a general unsecured claim pursuant to Class XIX hereinbelow. In order for any deficiency to be treated as a general unsecured claim under the terms of the Plan, this Class must file a proof of claim asserting the unsecured deficiency claim within four (4) months of the Effective Date. This Class is impaired.

**Class XVII - <u>Secured Claim of Bank of New York Mellon (7222 Bunker Hill)</u>**

This Class is comprised of the claim of the Bank of New York Mellon and is secured by a deed of trust against the real property located at 7222 Bunker Hill, Plains, Virginia. According to the claim filed herein, the balance due to this Class is two hundred sixty-five thousand four hundred seventeen dollars and eighty-four cents ($265,417.84). This Class shall receive payment in full on account of its claims. Such payment shall be made in monthly installments calculated by amortizing the balance due on account of the claim over a period of thirty (30) years at an annual interest rate of six percent (6.0%). The Debtor believes that this amortization will require monthly payments of principal and interest of one thousand five hundred ninety-one dollars ($1,591.00). The entire balance due on account of the claims of this Class shall be paid in full upon the earlier of a sale of the property or the fifteen (15) year anniversary of the Effective Date. This Class shall retain any and all liens it holds against the property until its claims are paid in full. This Class is impaired.

**Class XVIII - <u>Secured Claim of Wachovia Bank (7147 Northampton)</u>**

This Class is comprised of the claim of the Wachovia Bank and is secured by a deed of trust against the real property located at 7147 Northampton Street, Warrenton, Virginia. Upon information and belief, the balance due to this Class is two hundred twenty-eight thousand eighty dollars and sixty-three cents ($228,080.63). Upon the Effective Date, the Debtor shall abandon his interest in the collateral and this Class shall be free to foreclose against the property. Any deficiency resulting from the foreclosure of the collateral property shall be treated as a general unsecured claim pursuant to Class XIX hereinbelow. In order for any deficiency to be treated as a general unsecured claim

under the terms of the Plan, this Class must file a proof of claim asserting the unsecured deficiency claim within four (4) months of the Effective Date. This Class is impaired.

**Class XIX - <u>General Unsecured Claims</u>**

This Class is comprised of all general unsecured claims not entitled to priority. Upon information and belief, the claims in this Class total approximately one hundred fifteen thousand dollars ($115,000.00). This Class shall receive payment in full from the proceeds of the sale of the property located at 107 Walnut Street, Middleburg, VA. This Class shall not be entitled to receive any payment until the property is sold, however that sale shall take place no later than one (1) year from Effective Date. Should the proceeds from the sale of the property at 107 Walnut Street be insufficient to pay the claims of this Class in full, the Debtor shall satisfy the balance of such claims from the funds to be contributed to the funding of this Plan as required by Class XX hereinbelow. Such additional payments shall be made no later than one (1) year from the Effective Date. This Class is impaired.

**Class XX - <u>Interests of the Debtor</u>**

At all times since the Petition Date, the Debtor has remained in control of his affairs and the possession of all of his assets, as Debtor-in-Possession. The Debtor has remained current on his post-petition unsecured obligations. Upon the entry of a final decree in this Chapter 11 proceeding, all of the rights and interests of the Bankruptcy Estate in any property, including, but not limited to, any remaining funds held by the Debtor and any reserves required to be held under the Plan, shall revert to the Debtor, subject to the liens and obligations required by the confirmed plan of reorganization.

This Class is unimpaired.

## ARTICLE IV
**Means for Execution of the Plan**

4.1. The funds necessary for the satisfaction of creditors' claims will be derived from the sale of the Debtor's property at 107 Walnut Street, Middleburg, Virginia, the contribution from the Debtor as discussed in Article III, Class XX, funds currently held by the Debtor and funds derived from the continuation of the leasing and/or sale of the Debtor's properties. The Debtor believes that such cash flow will be sufficient to meet the obligations provided by the Plan and the ongoing costs of conducting its business operations.

## ARTICLE V
**Disputed, Unliquidated and Contingent Claims**

5.1. The Debtor reserves the right to file objections to any Claims which it deems improper within sixty (60) days after the Effective Date of the Plan. Said deadline may be extended by the Court upon a showing of good cause by the Debtor.

5.2 Creditors shall have the right to file objections to any claims which they deem improper within thirty (30) days after the expiration of the Debtors' rights as enumerated in paragraph 5.1 above, including any extensions thereof.

5.3. The Disbursing Agent shall maintain a reserve for Disputed Claims. Once a Disputed Claim becomes an Allowed Claim, then to the extent allowed, it shall be paid from the funds held in reserve. In the event a Disputed Claim is disallowed, the funds held in reserve for payment of such claim shall be made available for distribution in accordance with the terms of the Plan.

5.4. Notwithstanding any other provision contained in this Plan, no Claimant shall receive any distribution on account of its claims until and unless such Claim is allowed pursuant to Section 502 of the Bankruptcy Code or pursuant to the Consent Order.

## ARTICLE VI
### Executory Contract and Unexpired Leases

6.1. The Debtor is unaware of any executory contracts or unexpired leases other than those specifically referenced in this Plan. In the event that the Debtor is made aware of any executory contracts or unexpired leases prior to the confirmation, the Debtor reserves the right to apply to the Court prior to the Confirmation Date to assume or reject any executory contracts or unexpired leases pursuant to Section 365 if the Bankruptcy Code.

6.2. All executory contracts and unexpired leases of the Debtor and/or the estate which are not assumed prior to the Confirmation Date, or as to which the Debtor has not applied to the Court for permission to assume prior to Confirmation Date, shall be deemed rejected. Any creditor asserting a claim for monetary damages as result of the rejection of an executory contract or unexpired lease shall filed a Proof of Claim, and serve it upon the Debtors, within fifteen (15) days following the Confirmation Date.

## ARTICLE VII
### Modification of the Plan

7.1. The Debtor may modify this Plan at any time before the Confirmation Date without notice or hearing and without additional disclosure pursuant to Section 1125 of the Bankruptcy Code provided that, after notice to the U.S. Trustee, the Court finds that such modification does not materially or adversely affect the Debtor, the estate, any creditor, or any class of creditors. After the Debtor files any such modification with the Court, the Plan as modified shall be deemed to be the Plan.

7.2. The Debtor may modify this Plan at any time after the Confirmation Date and before substantial consummation of this Plan with approval by the Court after notice and a hearing, pursuant to Section 1127 of the Bankruptcy Code.

      7.3.    Before of after the Confirmation Date, or in the Order of Confirmation, the Debtor may, with the approval of the Court, and so long as is does not materially and adversely affect the estate or the interests of creditors, remedy any defect or omission, or such manner as may be necessary to carry out the purposes and effect the Plan.

      7.4.    This Plan may be modified at any time without court approval to correct errors and makes changes not affecting the amount or timing of plan distribution and contributions.

## ARTICLE VIII
### Term of Plan

      8.1.    This Plan will commence upon the Effective Date and shall continue until the Termination Date.

## ARTICLE IX
### Notices

      9.1.    Any notice of default in compliance with the terms of this Plan shall be made in writing and delivered by certified mail, return receipt requested, to the Debtor, at Post Office Box 911, Middleburg, VA 20118 with a copy to counsel for the Debtor, Steven H. Greenfeld, Esquire, Cohen Baldinger & Greenfeld, LLC, Suite 1103, 7910 Woodmont Avenue, Bethesda, MD 20814 and to the Office of the United States Trustee, 115 South Union Street, Alexandria, VA 22314.

## ARTICLE X
### Default

      10.1.    Events of Default: The occurrence of the following shall constitute an event of default under the Plan:

          a.    Failure to make any payments and/or transfers as provided in the Plan within thirty (30) days of a due date; or

          b.    Failure to sell the real property located at 107 Walnut Street, Middleburg, Virginia, by the one year anniversary of the Effective Date.

## ARTICLE XI
## Quarterly Fees

11.1.   In accordance with Section 1129(a)(12) of the Bankruptcy Code and 28 U.S.C. Section 1930, all quarterly fees to the United States Debtor will be paid in full on or before the Effective Date, and shall continue thereafter until such time as a final decree closing this case is entered by the Court.

11.2.   Until such time as the case is closed, dismissed or converted, the Debtor shall continue to report its disbursements each quarter to the United States Trustee.

## ARTICLE XII
## Appointment of Disbursing Agent

12.1.   Richard C. Colandrea, as the reorganized Debtor, shall act as disbursing agent for any and all funds to be paid to creditors pursuant hereto.  No bond or other indemnity shall be required of the Disbursing Agent and no compensation shall be paid for the services to be provided a disbursing agent.

## ARTICLE XIII
## Retention of Jurisdiction

13.1.   The Court shall retain jurisdiction to this Chapter 11 case after confirmation pursuant to and for the purposes set forth in §1127(b) of the Bankruptcy Code and to:

    a.   Hear and determine objections to Claims raised by any party in interest and to hear complaints relating to subordination of Claims;

    b.   Hear and determine causes of action arising prior to the Termination Date raised by any party in interest on behalf of or against the Debtor or the bankruptcy estate;

    c.   Hear and determine any dispute arising under this Plan;

    d.   Fix the amounts of compensation and other administrative expenses; and

    e.   Make such order and give such direction as may be appropriate under Section 1142 of the Bankruptcy Code.

## ARTICLE XIV
### Effect of Confirmation

14.1. The provisions of this Plan, once confirmed, are binding on the Debtor and all creditors and parties-in-interest. Confirmation will also constitute Bankruptcy Court approval of Debtor's assumption or rejection of executory contracts as enumerated above and approval of any settlements disclosed in the Plan or Disclosure Statement. In the event that the Bankruptcy Court denies Confirmation of the Plan, the Debtor may amend the Plan or the case may be converted to Chapter 7 or dismissed. Upon satisfaction of the terms of this Plan, the Debtor shall apply to the Court for a discharge from pre-confirmation debts.

## ARTICLE XV
### Miscellaneous Provisions

15.1. <u>Headings</u>. The headings in this Plan are for convenience and reference only, and shall not limit or otherwise affect the meaning of the Plan.

## ARTICLE XVI
### Closing of the Case

16.1. Upon substantial consummation of the Plan, the Debtor will seek to have this case closed by the Court. To close the cases, the Debtor will file an application for final decree showing that the case has been administered and that the Plan has been substantially consummated.

Dated:  December 3, 2010                                          RICHARD C. COLANDREA
Amended:  February 3, 2011

by and through counsel

COHEN BALDINGER & GREENFELD, LLC

By: */s/ Steven H. Greenfeld*
   Steven H. Greenfeld
   7910 Woodmont Avenue
   Suite 1103
   Bethesda, MD  20814
   (301) 881-8300
   Counsel for Debtor-in-Possession